MDL 1772

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

RELEASED FOR PUBLICATION

JUN 27 2006

FILED
CLERK'S OFFICE

DOCKET NO. 1772

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE SERIES 7 BROKER QUALIFICATION EXAM SCORING LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of nine actions listed on the attached Schedule A and pending in the following districts: four actions each in the District of District of Columbia and the Southern District of New York, and one action in the Eastern District of Arkansas.[1] Before the Panel are two motions, one by plaintiffs in two actions in the Southern District of New York and another, as amended, by defendant the National Association of Securities Dealers (NASD), for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, of the nine actions taken together.[2] Every responding party agrees that centralization is appropriate. NASD, along with defendant Electronic Data Systems Corp. and plaintiffs in one Southern District of New York action and the potential tag-along action in the Southern District of Ohio, support transfer to the Southern District of New York. Plaintiffs in three Southern District of New York actions (including the original movants) plus four actions and three potential tag-along actions pending in the District of District of Columbia prefer transfer to the District of District of Columbia. Plaintiff in the Eastern District of Arkansas action supports transfer to the Eastern District of Arkansas.

---

[1] The Panel has been notified of six related actions pending, respectively, as follows: four actions in the District of District of Columbia, and an action each in the Southern District of New York and the Southern District of Ohio. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] The two plaintiffs submitting the initial Section 1407 motion moved to "withdraw the complaints" in their actions, which are both pending in Southern District of New York, on March 20, 2006. The actions (*Crabbe* and *Cutler*), however, previously were stayed on March 10, 2006, pending the Panel's decision. The New York court has not ruled upon plaintiffs' motions to withdraw their complaints and, presumably, voluntarily dismiss their actions. Another action pending in the Southern District of New York (*Hester*) and included in NASD's motion is also subject to a stay pending the Panel's ruling; plaintiff in *Hester* has filed a Rule 41(a)(1) notice of voluntary dismissal. An action pending in the Middle District Tennessee and subject to the initial Section 1407 motion has since been voluntarily dismissed, and Panel consideration of that action is thus moot. All but one of these plaintiffs have since refiled their action in the District of District of Columbia, as the *Hester* and *Cutler* actions that were included in NASD's amended motion for transfer.

OFFICIAL FILE COPY   IMAGED JUN 2 7 2006   ✓

PLEADING NO. 24

- 2 -

On the basis of the papers filed and hearing session held, the Panel finds that these nine actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations concerning the cause or causes of errors in scoring the Series 7 Broker Qualification Exam, a computerized qualifying test required for anyone employed by a securities firm that wishes to register individuals as general securities representatives dealing with the public. These errors caused approximately 1,900 individuals to incorrectly receive a failing grade. Plaintiffs allege, on behalf of overlapping putative classes of all individuals who took the exam and received an erroneous failing grade, such common law claims as breach of contract, negligence, negligent misrepresentation, defamation, and tortious interference with contract and/or business relationships. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of District of Columbia is an appropriate transferee forum for this litigation. The largest number of actions are pending in the District of District of Columbia (including potential tag-along actions), and relevant documents and witnesses may be found at NASD's District of Columbia headquarters or its testing and continuing education division, which is located nearby in the District of Columbia suburbs.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable John D. Bates for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1772 -- In re Series 7 Broker Qualification Exam Scoring Litigation</u>

    <u>Eastern District of Arkansas</u>

*Skylar S. Jordan v. National Association of Securities Dealers, Inc.*, C.A. No. 4:06-366

    <u>District of District of Columbia</u>

*William Lowe v. National Association of Securities Dealers, Inc., et al.*,
   C.A. No. 1:06-280
*Timothy Wallin v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-382
*Linda Cutler v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-525
*Jennifer Hester, et al. v. National Association of Securities Dealers, Inc.*,
   C.A. No. 1:06-554

    <u>Southern District of New York</u>

*Andrew Crabbe v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-1085
*Linda Cutler v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-1208
*Jennifer Hester v. National Association of Securities Dealers, Inc.*, C.A. No. 1:06-1238
*Gueorgui Ivanov v. National Association of Securities Dealers, Inc., et al.*,
   C.A. No. 1:06-2388